HARRY A. SHAFER, TRADING AS SHAFER REALTY COMPANY, PLAINTIFF-APPELLEE, v. BERG EMBROIDERY WORKS, DEFENDANT-APPELLANT.

Submitted May term, 1931—Decided September 28, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Louis Stein.*

For the appellee, *John H. Sheridan.*

PER CURIAM.

This is an appeal from a judgment upon verdict at Hudson Circuit to recover real estate brokerage fees under a contract in writing.

The contract is rather unusual. It's pertinent provisions are: "And in consideration of your listing and efforts to procure a purchaser the undersigned hereby warrants that he * * * is the owner of the property aforementioned and hereby agrees to pay you a commission at the rate shown on the schedule herein * * * said commission due and payable immediately whenever a purchaser for said property, or any part thereof, is procured by *you, myself* or *any other person* or whenever said property * * * is sold * * * during the term of this contract; or within three months after its expiration to any party or parties with whom *you, myself, or any other person have been negotiating with directly or indirectly during the life of this contract.*"

This contract created an exclusive agency between the plaintiff and the owner of the property, as follows: "In consideration of the sum of one dollar paid to me * * * I hereby give you sole and exclusive authority to sell or exchange the property * * * for a term of one hundred and eighty (180) days and further agree that the exclusive agency shall not terminate at the expiration of such period unless I notify you in writing to that effect."

Now, it appears that it is admitted that the exclusive agency feature of this contract was terminated by its terms through a notice by letter to that effect by the owner to the agent dated June 1st, 1928.

It also appears to be admitted that concurrently with such notice of termination of exclusive agency with the plaintiff the owner entered into an exclusive agency with the J. J. Kislak Company.

The conditions of sale were different in these respects; the authorization to the plaintiff to sell was at $80,000, subject to a mortgage of $32,000 at six per cent., due January 6th, 1930—cash $48,000, and the authorization to Kislak Company was $80,000, subject to the same mortgage of $32,000, cash of $25,000 and the balance upon a second mortgage. Within six days thereafter the Kislak Company procured the Western Realty Company as a purchaser, and the next day, June 8th, 1928, the defendant entered into a contract with that purchaser for a sale of the lands upon the terms contained in the contract with the Kislak Company and paid to that company the commissions for the sale under its contract.

The present action was then instituted and resulted in a verdict for the plaintiff-appellee and judgment thereon from which the defendant below appeals.

Now, the facts seem to be that the plaintiff after entering into the aforesaid contract brought the matter of sale of the lands to the attention of the Western Realty Company through its president and he said he was not interested at the price and terms at which the property was offered. There seems then to have been negotiations between the plaintiff and the

owner and Western Realty Company by which the terms of sale could be varied so that the sale might be consummated at the price of $80,000, subject to the mortgage and $5,000 cash paid and a contract entered into by which the payment of the balance of cash and the taking of title would be postponed for one year. This seems to not have been accepted or agreed upon at the time of the termination of the contract on June 1st, 1928.

The appellant-defendant seeks to set aside the judgment upon the following grounds:

1. Because it was error in the trial court to refuse to nonsuit.

This appears to be upon the ground that the proofs did not show that the plaintiff procured a purchaser ready, able and willing to purchase. Under the clear terms of the contract we think this was not necessary to be shown. The contract for sale was made within the period of three months of the termination of the contract with the plaintiff and under its express and explicit terms he was entitled to his commissions if within that period the property was conveyed to any party with whom he, the owner, or any other person had directly or indirectly negotiated its sale during the life of the contract of the plaintiff.

We think it must be conceded from the proofs that the plaintiff had so negotiated, unsuccessfully, perhaps, during this period.

We think, therefore, the motion for nonsuit was properly denied.

2. That it was error to deny the motion for direction of verdict in favor of the defendant below.

The denial of the motion for nonsuit being justified, this motion and its denial was also justified.

3. This ground is that the trial judge refused to charge "before the jury can find for the plaintiff they must find that the plaintiff succeeded in procuring a purchaser before May 29th, 1929, able, ready and willing to purchase the property under the terms set forth in the brokerage agreement."

It was not error to so refuse to charge because such instruction was absolutely opposed to the terms of the brokerage agreement before referred to.

4. The remaining ground for reversal is that the trial court erred in refusing to charge the following request of the defendant: "That it was the duty of the plaintiff, if he had at any time negotiated with the Western Realty Company, to inform the defendant of such negotiations, and if the jury finds that he did not inform the defendant then he is not entitled to recover."

There are two answers to this, both against the error alleged.

First, the proofs show that the defendant must have known of the negotiations because of the plaintiff's submission of the offer of the Western Realty Company to purchase upon different and postponed payments above referred to, and

Second, there is nothing in the brokerage agreement suggesting or requiring such notice.

The judgment under review should be affirmed, with costs.